# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:16cv98

| | |
|---|---|
| KENNETH MICHAEL SNYDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND** |
| NANCY A. BERRYHILL, Acting ) | **RECOMMENDATION** |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for disability benefits. This case is now before the Court on the parties' Motions for Summary Judgment. Upon a review of the record, the parties' briefs, and the relevant legal authority, the Court **RECOMMENDS** that the District Court **GRANT** the Motion for Summary Judgment [# 8] and **DENY** the Motion for Summary Judgement [# 10].

  I.  **Procedural History**

Plaintiff filed an application for disability benefits on March 20, 2012. (Transcript of Administrative Record ("T.") 197.) The application had a protective filing date of February 9, 2012. (T. 29, 105.) Plaintiff alleged an onset

-1-

date of November 1, 2011. (T. 197.) The Social Security Administration denied Plaintiff's claim. (T. 128-31.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 132-40.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 48-88.) The ALJ then issued a decision finding that Plaintiff was not disabled from November 20, 2012. (T. 29-42.) Plaintiff requested review of the ALJ's decision. (T. 25.) The Appeals Council denied Plaintiff's request for review. (T. 3-6.) Plaintiff then brought this action seeking review of the Commissioner's decision.

**II.     Standard for Determining Disability**

An individual is disabled for purposes of receiving disability payments if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits his ability to perform basic work-related

functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his past relevant work; (5) whether the claimant is able to perform any other work considering his age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520.

At the first two steps, the burden is on the claimant to make the requisite showing. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If a claimant fails to satisfy his or her burden at either of these first two steps, the ALJ will determine that the claimant is not disabled and the process comes to an end. Mascio v. Colvin, 780 F.3d 632, 634-35 (4th Cir. 2015). The burden remains on the claimant at step three to demonstrate that the claimant's impairments satisfy a listed impairment and, thereby, establish disability. Monroe, 826 F.3d at 179.

If the claimant fails to satisfy his or her burden at step three, however, then the ALJ must still determine the claimant's residual functional capacity ("RFC"). Mascio, 780 F.3d at 635. After determining the claimant's RFC, the ALJ proceeds to step four in order to determine whether claimant can perform his or her past relevant work. Id. The burden is on the claimant to demonstrate that he or she is unable to perform past work. Monroe, 826 F.3d at 180. If the ALJ determines that

a claimant is not cable of performing past work, then the ALJ proceeds to step five. Mascio, 780 F.3d at 635.

At step five, the ALJ must determine whether the claimant can perform other work. Id. The burden rests with the Commissioner at step five to prove by a preponderance of the evidence that the claimant is capable of performing other work that exists in significant numbers in the national economy, taking into account the claimant's RFC, age, education, and work experience. Id.; Monroe, 826 F.3d at 180. Typically, the Commissioner satisfies her burden at step five through the use of the testimony of a vocational expert, who offers testimony in response to a hypothetical from the ALJ that incorporates the claimant's limitations. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180. If the Commissioner satisfies her burden at step five, then the ALJ will find that a claimant is not disabled and deny the application for disability benefits. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180.

### III. The ALJ's Decision

In her December 19, 2014, decision the ALJ found that Plaintiff was not disabled under Section 216(i) and 223(d) of the Social Security Act. (T. 42.) The ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through December 31, 2017.

(2) The claimant has not engaged in substantial gainful activity since November 1, 2011, the alleged onset date (20 CFR 404.1571 *et seq.*).

(3) The claimant has the following severe impairments: bipolar disorder, depression, anxiety, back pain, and osteoarthritis (20 CFR 404.1520(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

(5) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c). The claimant can lift/carry 25 to 50 pounds. The claimant can sit for six hours out of an eight-hour workday. The claimant can stand and walk in combination for six hours out of an eight-hour workday with regular breaks. No more than occasional climbing of ladders and can perform frequently [sic] stooping. The claimant can have occasional contact with the public and frequent contact with co-workers. Work would be limited to unskilled work.

(6) The claimant is unable to perform any past relevant work (20 CFR 404.1565).

(7) The claimant was born on August 6, 1958 and was 53 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563).

(8) The claimant has at least a high school education and is able to communicate in English (20 DFR 404.1564).

(9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a

framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

(10) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

(11) The claimant has not been under a disability, as defined in the Social Security Act, from November 1, 2011, through the date of this decision (20 CFR 404.1520(g)).

(T. 31-42.)

**IV. Standard of Review**

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also Monroe, 826 F.3d at 186. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig, 76 F.3d at 589 (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a

federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record, and whether the ALJ reached her decision based on the correct application of the law. Id.

V. Analysis[1]

A. The Medical Opinion of Dr. Mukesh Kamdar

In determining whether a claimant is disabled, the ALJ considers any medical opinions in the record together with the other relevant evidence. 20 C.F.R. § 404.1527(b). Medical opinions constitute statements from physicians and psychologist, as well as other acceptable medical sources, reflecting judgments about the nature and severity of the claimant's impairment, including the claimant's symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairment, and the claimant's physical or mental restrictions. 20 C.F.R. § 404.1527(a)(2). In evaluating and weighing medical opinions, the ALJ considers: "(1) whether the physician has examined the applicant, (2) the treatment

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d, 653 (4th Cir. 2005); see also 20 C.F.R. § 404.1527.  The ALJ, however, will give a treating source's opinion "controlling weight" where it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record . . . ." 20 C.F.R. § 404.1527(c)(2); Mastro, 270 F.3d at 178.  As the Fourth Circuit explained in Mastro:

> Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence. See Hunter, 993 F.2d at 35.

270 F.3d at 178.

Statements by medical sources that a patient is disabled, unable to work, or meets the listing requirements are not medical issues, but are administrative findings reserved for the Commissioner.  SSR 96-5p, 1996 WL 374183 (Jul. 2, 1996); 20 C.F.R. § 404.1527(d).  Because they are administrative findings, "treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance."  SSR 96-5p, 1996 WL

374183 (Jul. 2, 1996).

In addition, the ALJ must provide a good reason in the notice of the determination or decision for the weight he or she gives a claimant's treating source opinions. 20 C.F.R. § 404.1527(c)(2); SSR 96-2p, 1996 WL 374188 (Jul. 2, 1996). Social Security Ruling 96-2p further provides that:

> the notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

In contrast to the opinion of a treating source, the opinion of a consultative examiner is not entitled to controlling weight. See generally SSR 96-2P, 1996 WL 374188, at *2 (July 2, 1996). A consultative examiner is a nontreating medical source. See 20 C.F.R. § 404.1502. As the pertinent regulation explains:

> Nontreating source means a physician, psychologist, or other acceptable medical source who has examined you but does not have, or did not have, an ongoing treatment relationship with you. The term includes an acceptable medical source who is a consultative examiner for us, when the consultative examiner is not your treating source.

20 C.F.R. § 404.1502. Of course, the ALJ may still give "great weight" to the opinion of a nontreating source and, under the right circumstances, may even find that it is entitled to greater weight than that of a treating source. See SSR 96-2P.

Plaintiff contends that the ALJ erred in considering the opinion evidence

from Dr. Mukesh Kamdar, Plaintiff's treating psychiatrist. Dr. Kamdar offered a number of opinions, including opining as to various work limitations faced by Plaintiff as a result of his psychiatric conditions. (See, e.g., T. 735-38.) The record is also replete with GAF scores assessed by Dr. Kamdar. (See T. 425, 508, 555, 582, 585, 735, 754.)

In considering the opinion evidence, the ALJ determined that the medical source statement of Dr. Kamdar found at Exhibit 11F was entitled to some weight. (T. 39.) The ALJ, however, failed to address the additional opinions of Dr. Kambar, including his assessment of work related restrictions contained in Exhibit 21F. As an opinion of a treating source, the opinion is entitled to controlling weight unless the ALJ specifically sets forth why controlling weight is not justified. 20 C.F.R. § 404.1527(c)(2); Mastro, 270 F.3d at 178. By failing to even recognize the opinion in the decision and addressing only the opinion contained at Exhibit 11F, the ALJ committed reversible error. And it is not the role of this Court to address these opinions in the first instance. See generally Fox v. Colvin, 632 F. App'x 750, 755 (4th Cir. 2015).

The ALJ also erred by not addressing the GAF scores assigned by Dr. Kamdar. Although a plaintiff's Global Assessment of Functioning ("GAF") score is merely a snapshot of a claimant's functioning at a specific moment in time,

Powell v. Astrue, 927 F. Supp. 2d 267, 273 (W.D.N.C. 2013) (Reidinger, J.), the score is a medical opinion when it is assigned by an acceptable medical source, Kennedy v. Colvin, 3:14-cv0665-RJC, 2016 WL 890602, at *4 (W.D.N.C. Mar. 8, 2016) (Conrad, J.) (unpublished); May v. Colvin, Civil Action No. 1:15-CV-00090-GCM, 2016 WL 4917046, at *5 (W.D.N.C. Sept. 13, 2016) (Mullen, J.) (unpublished); Lully v. Colvin, 3:15cv465, 2016 WL 7323979, at *4-5 (W.D.N.C. Nov. 28, 2016) (Howell, Mag. J.) (unpublished); Hill v. Berryhill, 3:16cv80, 2017 WL 971048, at *4 (W.D.N.C. Mar. 13, 2017) (Howell, Mag. J.) (unpublished). Thus, a GAF score from an acceptable medical source constitutes a medical opinion, which the ALJ is required to consider and assign weight, just as it would any other medical opinion. See Kennedy, 2016 WL 890602, at *4; May, 2016 WL 4917046, *5; Lully, 2016 WL 7323979, at * 4-5; Hill, 2017 WL 971048, at * 4-5; but see Woodbury v. Colvin, __ F. Supp. 3d __, 2016 WL 5539525 (D.S.C. Sept. 30, 2016) (discussing the split in the District Courts in the Fourth Circuit regarding the treatment of a GAF score by an ALJ in his or her decision).

Here, the record contains a number of GAF scores from Dr. Kamdar, a treating source. (T. 425, 508, 555, 582, 585, 735, 754.) Thus, the scores would be entitled to controlling weight absent the ALJ setting forth the specific reasons for why the scores are not entitled to controlling weight. See 20 C.F.R. §

404.1527(c)(2); Mastro, 270 F.3d at 178. "When case evidence includes a GAF from a treating source and you do not give it controlling weight, you must provide good reason in the personalized disability explanation or decision notice." Kennedy, 2016 WL 890602, at *4 (quoting AM-13066). Because the decision of the ALJ is devoid of any discussion of any of the GAF scores, remand is required.

While the ALJ might determine on remand that the GAF scores are all entitled to little or no weight and impose the same RFC, it is up to the ALJ to address all of the opinion evidence in the decision and explain how she reached that decision so that this Court can conduct meaningful review of the decision. As the Court recently explained in Lully:

> Factors such as the failure to explain the rational[e] behind a GAF, the failure to indicate the period of time for which a GAF applies, or whether the GAF rating is well supported and consistent with other . . . evidence in the record goes to what, if any, weight the ALJ should assign to the medical opinion not whether the score itself is a medical opinion that must be considered. As is often the case with these cases, there may be numerous reasons for the ALJ to assign little or no weight to the GAF scores, but it is incumbent on the ALJ to address these opinions, assign them some weight, address the conflicting evidence in the record, and provide sufficient legal reasoning in the decision as to the weight assigned to the decisions for the Court to conduct meaningful review. Like the Court in Kennedy, the Court finds that remand is required in this case for the ALJ to address the GAF scores in the record. Because these are decisions left to the ALJ, not this Court, the Court cannot say that the errors are harmless without conducting the type of factual inquiry that the Fourth Circuit has cautioned this Court against conducting. See Fox v. Colvin, 632 Fed.Appx. 750, 755 (4th Cir. 2015) (unpublished).

2016 WL 7323979, at *5.  Accordingly, the Court finds that remand is also required for the ALJ to consider the GAF scores in the record.  The Court **RECOMENDS** that the District Court **GRANT** the Motion for Summary Judgment [# 8] and **REMAND** this case.[2]

### B. Plaintiff's Cervical Degenerative Disc Disease[3]

The ALJ's determination as to whether an impairment is severe or not is a threshold determination.  See 20 C.F.R. § 404.1520(c).  A claimant, however, has the burden of establishing the existence of an impairment.  20 CFR § 404.1512.  An impairment "must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [a claimant's] statement of symptoms."  20 C.F.R. § 404.1508.  "No symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment."  SSR 96-4p, 1996 WL 374187, at *1 (July 2, 1996).

Plaintiff contends that the ALJ erred by finding that Plaintiff's cervical

---

2  The Court also finds that the ALJ's failure to properly consider the opinion evidence makes it impossible for this Court to properly consider the RFC and whether Plaintiff's mental impairments meet or equal a listing because the opinion evidence of Dr. Kamdar is inextricably intertwined with these determinations.
3  Although the Court finds that remand is required in this case for the ALJ to weigh the opinion evidence of Dr. Kamdar, the Court will address Plaintiff's contention that the ALJ erred in finding that Plaintiff's cervical degenerative disc disease is not a severe impairment.

-13-

degenerative disc disease was not a severe impairment. The ALJ found that Plaintiff had the following severe impairments: bipolar disorder, depression, anxiety, back pain, and osteoarthritis. (T. 31.) Although the ALJ's decision does not specifically reference cervical degenerative disc disease, the ALJ considered Plaintiff's neck and shoulder pain as an additional impairment that did not rise to the level of a severe impairment. (T. 31.) The Court finds that the ALJ's reference to Plaintiff's neck and shoulder pain (the alleged symptom/impairment resulting from Plaintiff's alleged cervical degenerative disc disease) was sufficient, and the ALJ did not, as Plaintiff contends, completely fail to address or ignore this impairment. Moreover, the Court finds that the determination of the ALJ that Plaintiff's neck and shoulder pain was not a severe impairment was supported by substantial evidence in the record. Finally, the Court finds that the ALJ did not error by failing to mention Plaintiff's headaches. Accordingly, the Court finds that, remand is not required based on the ALJ's finding that Plaintiff's neck and shoulder pain was not a severe impairment.

## VI. Conclusion

The Court **RECOMMENDS** that the District Court **DENY** the Motion for Summary Judgment [# 10] and **GRANT** the Motion for Summary Judgement [# 8]. The Court **RECOMMENDS** that the District Court **REMAND** this case to

the Commissioner for further proceedings consistent with this Order.

Signed: April 25, 2017

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).