UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:16-cv-00098-MOC-DLH

| | | |
|---|---|---|
| **KENNETH M. SYNDER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **NANCY A. BERRYHILL,** | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation (#12) issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28 U.S.C. § 636(b)(1)(c). The defendant has filed objections within the time allowed.

### FINDINGS and CONCLUSIONS

I.  **Introduction**

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, *de novo*

1

review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

## II. Defendant's Objections

Subsequent to Magistrate Judge Howell's Memorandum and Recommendation, the defendant timely filed her objections (#13). Specifically, the defendant raises two objections under the same argument, to wit, that even if the ALJ did err those errors were harmless. Defendant objects to two findings of the Magistrate Judge related to the treatment of opinions by Dr. Mukesh Kamdar and the absence of a discussion of Global Assessment of Functioning (GAF) scores.

Briefly, the court's task is not to re-weigh the evidence presented to the Administrative Law Judge (ALJ) or to ascertain whether the petitioner is indeed disabled, but instead the court is asked whether the ALJ's findings are supported by substantial evidence. See Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Generally, failure by the Commissioner to consider an entire line of evidence falls well below the minimal level of articulation required by the Social Security Act. Diaz v. Chater, 55 F.3d 300, 307 (7th Cir. 1995). However, an ALJ is not tasked with the "impossible burden of mentioning every piece of evidence" that may be placed into the Administrative Record. Phipps v. Colvin,

No. 3:13-CV-00315-MOC, 2014 WL 31798, at *2 (W.D.N.C. Jan. 6, 2014); Parks v. Sullivan, 766 F.Supp. 627, 635 (N.D.Ill. 1991).

A.   Dr. Kamdar's Opinons

A treating physician is a physician who has observed the plaintiff's condition over a prolonged period of time. Mitchell v. Schweiker, 699 F.2d 185, 187 (4th Cir. 1983). The opinion of a treating physician is only entitled to controlling weight if it is supported by "clinical and laboratory diagnostic techniques," and is not inconsistent with other substantial evidence. 20 C.F.R. § 404.1527(d)(2).

> If a physician's opinion is not given controlling weight, then the "factors listed below" and in paragraphs (d)(3) through (5) used to determine the amount of weight to be given it are (1) the length of the treatment relationship and the frequency of examination ("the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion"); (2) the nature and extent of the treatment relationship; (3) supportability ("the more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion"); (4) consistency ("the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion"); and (5) specialization ("[w]e generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist"). Id. The regulation also makes clear, however, that the ultimate determination of disability is reserved for the Commissioner, and "[a] statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled." 20 C.F.R. § 416.927(e)(1).

Pittman v. Massanari 141 F.Supp.2d 601, *608 (W.D.N.C. 2001). Here, the court finds that the ALJ properly gave little weight to the treatment source, Dr. Kamdar and adequately explained that Dr. Kamdar's findings were not consistent with the record and,

consequently, not to be afforded controlling weight. As the Court of Appeals for the Fourth Circuit held:

> Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence.

Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001) (citation omitted). The court finds that the ALJ properly fulfilled his obligation of explaining why he gave the opinion of Dr. Hume little weight. Defendant's first objection is, therefore, sustained.

 B. GAF Scores

The GAF scale judges an individual's level of functioning only at the time of evaluation. *American Psychiatric Ass'n, Diagnostic & Statistical Manual of Mental Disorders*, 30 (4th ed. 1994). A GAF score of 51-60 would indicate moderate symptoms or moderate difficulty in social, occupational, or school functioning. However, "[t]he mere diagnosis of [an impairment] . . . says nothing about the severity of the condition." Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988). Instead, there must be evidence that the impairment also impacted Plaintiff's ability to perform basic work activities. Rogers v. Massanari, 226 F. Supp. 2d 1040, 1045 (E.D.Mo. 2002). It is well-established that GAF scores ranging from even 45 to 50 are not evidence that a claimant's mental impairment is vocationally disabling. Sizemore v. Colvin, No. 5:15-CV-00053-MOC, 2016 WL 483140, at *4 (W.D.N.C. Feb. 5, 2016).

Although the ALJ did not expressly discuss all of plaintiff's GAF scores, failure to reference a GAF score is not, standing alone, a sufficient ground to reverse a disability determination. Sizemore, 2016 WL 483140, at *4; Mitchell v. Astrue, 2:11-CV-56-MR, 2013 WL 678068, at *8 (W.D.N.C. Feb. 25, 2013) (citing Howard v. Comm'r of Soc. Sec., 276 F.3d 235, 241 (6th Cir. 2002)). A low GAF score is "not an opinion the ALJ had to address, since it [does] not directly address [a claimant's] ability to perform work-related activities." Leovao v. Astrue, 2:11cv54-MR-DSC, 2012 WL 6189326, at *5 (W.D.N.C. Nov. 14, 2012).

Even so, when a GAF score is provided by a treating source applicable Social Security procedure would suggest that the ALJ provide at least some explicit or indirect discussion of that evidence in the opinion. As noted in AM-13066,

> For purposes of the Social Security disability programs, when it comes from an acceptable medical source, a GAF rating is a medical opinion as defined in 20 CFR §§ 404.1527(a)(2) and 416.927(a)(2). An adjudicator considers a GAF score with all of the relevant evidence in the case file and weighs a GAF rating as required by 20 CFR §§ 404.1527(c), 416.927(c), and SSR 06–03p ....
> ....
> When case evidence includes a GAF from a treating source and you do not give it controlling weight, you must provide good reasons in the personalized disability explanation or decision notice.

"Global Assessment of Functioning (GAF) Evidence in Disability Adjudication." AM-13066; See also Kennedy v. Colvin, No. 3:14-CV-665-RJC, 2016 WL 890602, at *4 (W.D.N.C. Mar. 8, 2016). In this case, the ALJ failed to explicitly mention or discuss at least some GAF scores and did not provide any indication that he even considered the GAF scores much less any discussion or explanation regarding his treatment of these scores. See Kennedy, 2016 WL 890602, at *4

(W.D.N.C. Mar. 8, 2016). Certainly, an ALJ need not explicitly reference every GAF score. See Johnson v. Colvin, No. 6:14–cv–3579, 2016 WL 462430, at *7 (D.S.C. Feb. 8, 2016); Woodbury v. Colvin, 213 F. Supp. 3d 773, 782 (D.S.C. 2016). An ALJ would need to either explicitly discuss a GAF score or provide some indication that he or she has at least indirectly considered the GAF score. Woodbury, at 783. Certainly, this court agrees with the Commissioner that a *per se* rule that failure to mention a GAF score would result in remand would be unworkable. See Clemins v. Astrue, 2014 WL 4093424, at *1-*2 (W.D. Va. Aug. 18, 2014).

While the lack of GAF score by itself would not merit remand, it is of some concern in light of all the arguments provided in this particular case and especially so when paired with the first allegation that the ALJ failed to consider treatment source material. Such an allegation, even if sufficient to demonstrate the overall weight given to the opinion, may undercut the discussion necessary related to GAF scores. See May v. Colvin, 2016 WL 4917046, at *5 (W.D.N.C. Sept. 13, 2016) ("Where an ALJ fails to mention a GAF score, but thoroughly reviews the evidence related to such score, **such as the medical records in which it is contained**, the failure may be harmless.") (emphasis added); Woodbury, at 783 ("the ALJ reviewed the **very data** [Dr. Paul] Lowe utilized to assign the GAF scores…") (emphasis added); Clemins, 2014 WL 4093424, at *2 ("The ALJ **fully evaluated** the records and treatment notes upon which the GAF scores were based. The records and treatment notes provided the necessary context for understanding GAF scores. The numerical scores associated with these records and treatment notes provide little if any additional information.") (emphasis added).

While no hard-and-fast rule should be gleaned from this decision, defendant's objection is overruled, as relevant Social Security directives indicate that some—explicit or indirect— discussion of a GAF score from a treatment source would be required. The court is aware that

this is an active area of disagreement among district courts within the Fourth Circuit. See Woodbury, at 782-83. While it is unclear how a deeper discussion of the GAF scores could have changed the outcome, see id. at n. 6, the Fourth Circuit has cautioned against conducting such factual inquiries. See Fox v. Colvin, 632 Fed.App'x. 750 755 (4th Cir. 2015). As such, the court will remand the case out of an abundance of caution under the teachings of Fox and in light of the discussion in Woodbury regarding disagreements across the Circuit regarding treatment source GAF scores.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

(1) the Commissioner's Objections (#13) are **SUSTAINED** in part and **OVERRULED** in part;

(2) the Memorandum and Recommendation (#12) is **AFFIRMED** in part and **REVERESED** in part;

(3) Plaintiff's Motion for Summary Judgment (#8) is **GRANTED**, defendant's Motion for Summary Judgment (#10) is **DENIED;** and

(4) this case is **REMANDED** for further consideration consistent with this Order.

Signed: May 24, 2017

Max O. Cogburn Jr
United States District Judge